JEFFREY A. DICKERSON
NEVADA Bar No. 2690
9655 Gateway Dr., Suite B
Reno, NV 89521
(775) 786-6664
(775) 786-7466-Facsimile
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RICHARD COSGROVE,

    Plaintiff,

vs.

GLEN WHORTON, an individual,

    Defendant.
_____/

CASE NO.

COMPLAINT AND JURY DEMAND

Plaintiff, for his complaint against Defendant, complains and avers as follows:

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331.

2. Plaintiff worked as a correctional officer at the Nevada Department of Corrections.

3. Whorton is the Director of the Department. He is sued in his individual capacity under §1983 for having violated Plaintiff's First Amendment right to free speech under color of State law.

4. On January 2nd, 2006, Lieutenant Bianchi concluded an investigation. The investigation findings indicated that Plaintiff had brought entertainment material to his tower post at Nevada State Prison on December 5th, 2005 for the purpose of watching DVD's while on-duty.

5. Plaintiff was not removed from the tower post until June 4th of 2006.

6. The most severe discipline imposed on prior similar occasions involving tower officers was a written reprimand.

7. Whorton caused Plaintiff to be terminated for his infraction.

8. Whorton imposed the most severe discipline possible not because the evidence or equity supported it but because Whorton had learned that Plaintiff had spoken out to the press outside of his job duties and as a citizen concerning the security of the institution in relation to nearby citizenry and neighborhoods. Plaintiff had spoken out in a manner that did not jeopardize the operations of the institution but rather exposed mismanagement, ineffective use of resources and misconduct by public officials, including Whorton, having disregarded the issue. Plaintiff's speech was thus on a matter of public concern and was not outweighed by any employer concerns.

9. Whorton's conduct in terminating Plaintiff resulted in emotional distress and mental anguish, harm to reputation, loss of enjoyment of life, embarrassment, lost wages, lost benefits, lost contributions to retirement, lost seniority, lost longevity, all in sums to be proved at trial and for which Whorton is liable pursuant to 42 U.S.C. §1983 because his conduct proximately caused the constitutional violation and these ensuing damages.

WHEREFORE, Plaintiff prays for judgment in his favor and against Whorton as a jury determines, as well as reasonable attorney's fees and costs of suit, and such other and further relief as the Court deems just and proper.

DATED December 20, 2006.

LAW OFFICE OF
JEFFREY A. DICKERSON

_____/S/_____
JEFFREY A. DICKERSON